AZ-001-068



O'STEEN & HARRISON
ATTORNEYS AT LAW

1   Jonathan V. O'Steen, Esq. – State Bar #024043
    **O'STEEN & HARRISON, PLC**
2   300 W. Clarendon Ave., Suite 400
3   Phoenix, Arizona  85013-3424
    (602) 252-8888
4   (602) 274-1209 FAX                          **JUL** 2 4 2017
    josteen@vanosteen.com
5   **Attorneys for Plaintiffs**

6

7               **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8                   **IN AND FOR THE COUNTY OF MARICOPA**

9   LOUIS WIKLER and RANDI WIKLER,        NO. CV2017-053081
    husband and wife,
10

11              Plaintiffs,              **SUMMONS**

12  v.

13  PRIVILEGE UNDERWRITERS               (Assigned to the Honorable Aimee
    RECIPROCAL EXCHANGE, an              Anderson)
14  unincorporated association, d/b/a/ PURE
15  INSURANCE; PRIVILEGE
    UNDERWRITERS, INC., a Delaware            STATE OF ARIZONA
16  corporation, d/b/a/ PURE INSURANCE;       DEPT. OF INSURANCE
    BLACK CORPORATIONS I through V;
17  and WHITE PARTNERSHIPS I through V,          JUL 1 0 2017
18              Defendants.                    TIME 12:20 PM
                                             SERVICE OF PROCESS
19

20  **THE STATE OF ARIZONA TO THE DEFENDANT:**

21          **PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE**

22

23  YOU ARE HEREBY SUMMONED and required to appear and defend, within the time
    applicable, in this action in this Court.  If served within Arizona, you shall appear and defend
24  within 20 days after the service of the *Summons* and *Complaint* on you, exclusive of the day
    of service. If served out of the State of Arizona—whether by direct service, by registered or
25  certified mail, or by publication—you shall appear and defend within 30 days after the
    service of the *Summons* and *Complaint* on you is complete, exclusive of the day of service.
26  Where process is served on the Arizona Director of Insurance as an insurer's attorney to
    receive service of legal process against it in this State, the insurer shall not be required to
27  appear, answer or plead until the expiration of 40 days after date of such service on the
28  Director.  Service by registered or certified mail outside the State of Arizona is complete 30



1  days after the date of filing the receipt and affidavit of service with the Court. Service by
2  publication is complete 30 days after the date of first publication. Direct service is complete
   when made. Service on the Arizona Motor Vehicle Superintendent is complete 30 days
3  after filing the Affidavit of Compliance and return receipt or Officer's return. ARIZ.R.CIV.P. 4;
   A.R.S. §§ 20-222, 28-502, 29-503.
4
5  YOU ARE HEREBY NOTIFIED that copies of the *Complaint* and *Plaintiffs' First Amended
   Complaint* may be obtained from the Clerk of the Maricopa County Superior Court located at
6  201 W. Jefferson St., Phoenix, Arizona.

7  YOU ARE HEREBY NOTIFIED that in the event of your failure to appear and defend within
   the time applicable, judgment by default may be rendered against you for the relief
8  demanded in the Complaint.

9  YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or
10 proper response in writing with the Clerk of this Court, accompanied by the necessary filing
   fee, within the time required, and you are required to serve a copy of any Answer or
11 response on the Plaintiff's attorney. ARIZ.R.CIV.P. 10(d); A.R.S. § 12-311; ARIZ.R.CIV.P. 5.

12 REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH
   DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY
13 PARTIES AT LEAST 3 JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT
   PROCEEDING.
14

15     The name and address of the Plaintiffs' attorney is:

16               Jonathan V. O'Steen
                 O'Steen & Harrison, PLC
17               300 W. Clarendon Avenue, Suite 400
                 Phoenix, Arizona 85013
18

19     SIGNED AND SEALED this date: _____

20

21                                        Clerk

22

23                                        By_____
                                          Deputy Clerk
24

25

26

27  c:\sync\clients\wikler\pleadings\complaint\summons - privilege underwriters reciprocal exchange.doc

28

Wikler v. Pure Insurance                                            Summons
CV2017-053081                                                       Page 2

O'STEEN & HARRISON
ATTORNEYS AT LAW

Jonathan V. O'Steen, Esq. – State Bar #024043
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona  85013-3424
(602) 252-8888
(602) 274-1209 FAX
josteen@vanosteen.com
**Attorneys for Plaintiffs**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LOUIS WIKLER and RANDI WIKLER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE, an unincorporated association, d/b/a/ PURE INSURANCE; PRIVILEGE UNDERWRITERS, INC., a Delaware corporation, d/b/a/ PURE INSURANCE; BLACK CORPORATIONS I through V; and WHITE PARTNERSHIPS I through V,<br><br>Defendants. | NO. CV2017-053081<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**Insurance Contract**<br>1. Breach of Contract<br>2. Bad Faith<br>3. Declaratory Judgment<br><br>**DEMAND FOR JURY TRIAL**<br><br>(Assigned to the Honorable Aimee Anderson) |

Plaintiffs, by and through their attorneys undersigned, and for their claims against the Defendants, allege as follows:

## PARTIES

1. Plaintiffs LOUIS WIKLER and RANDI WIKLER reside in Maricopa County, Arizona.

2. Defendant PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE is an unincorporated association established and based in the State of Florida and doing business as "PURE INSURANCE" in the State of Arizona.



3. Defendant PRIVILEGE UNDERWRITERS, INC. is a Delaware corporation doing business as "PURE INSURANCE" in the State of Arizona.

4. The combined acts and/or omissions of each Defendant resulted in the damages to Plaintiffs LOUIS WIKLER and RANDI WIKLER.   Each of the above-named Defendants is a joint tortfeasor and is liable to Plaintiffs for the tortious acts and omissions alleged herein.  The above-named Defendants are collectively referred to herein as "PURE INSURANCE."

5. At all relevant times, PURE INSURANCE provided insurance to Plaintiffs LOUIS WIKLER AND RANDI WIKLER, including an auto policy with underinsured motorist limits of $250,000.00 per person/$500,000.00 per collision (policy no. PA004816803) and an excess policy with underinsured motorist limits of $1,000,000.00 per collision (policy no. EX004817003).

6. The true names, capacities, and/or relationships of Defendants BLACK CORPORATIONS I through V and WHITE PARTNERSHIPS I through V are and were unknown to Plaintiffs at the time of the filing of this *First Amended Complaint* and Plaintiffs, therefore, sue said Defendants, and each of them, by said fictitious names and will seek leave of the Court to amend this *First Amended Complaint* to show the true names, capacities, and/or relationships when the same have been ascertained and, therefore, alleges that all of said fictitiously-named Defendants were either joint tortfeasors and/or joint and severally legally responsible in some manner for the events and happenings herein and proximately caused the damages to Plaintiffs as hereinafter set forth.

O'STEEN & HARRISON
ATTORNEYS AT LAW

## JURSIDICTION AND VENUE

7. Defendants PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE and PRIVILEGE UNDERWRITERS, INC. are engaged in the business of selling and providing automobile insurance to residents of the State of Arizona and are therefore subject to the requirements and provisions of A.R.S. § 20-101 *et seq.*

8. Venue is proper under A.R.S. § 12-401.

## FACTUAL ALLEGATIONS

### APRIL 14, 2014 COLLISION

9. On April 14, 2014, Plaintiff LOUIS WIKLER was a seatbelt restrained driver operating his vehicle in a lawful manner northbound on Val Vista Road at Main Street in the City of Mesa, County of Maricopa, State of Arizona

10. Plaintiff RANDI WIKLER was a seatbelt restrained passenger in the vehicle driven by her husband, Plaintiff LOUIS WIKLER.

11. At the aforementioned date and place, SHANNON LEE GREENEN was operating her vehicle eastbound on Main Street near Val Vista Road.

12. SHANNON LEE GREENEN was inattentive and driving at an excessive and unreasonable speed when she illegally entered the intersection of Main Street and Val Vista Road on a red light.

13. SHANNON LEE GREENEN collided at a high rate of speed with the vehicle driven by Plaintiff LOUIS WIKLER and Plaintiff RANDI WIKLER, which was lawfully within the intersection of Main Street and Val Vista Road.

### DAMAGES

14. Plaintiffs LOUIS WIKLER and RANDI WIKLER suffered severe injuries and damages as a direct and proximate result of the collision.



15. As a further direct and proximate result of the collision, Plaintiffs LOUIS WIKLER and RANDI WIKLER experienced pain, discomfort and suffering in amounts to be proven at trial.

16. As a further direct and proximate result of the collision, Plaintiffs LOUIS WIKLER and RANDI WIKLER sustained loss of love, care, affection, companionship, and other pleasures of the marital relationship in amounts to be proven at trial.

17. As a further direct and proximate result of the collision, Plaintiffs LOUIS WIKLER and RANDI WIKLER incurred medical expenses in amounts to be proven at trial.

18. As a further direct and proximate result of the collision, Plaintiff LOUIS WIKLER sustained lost income in an amount to be proven at trial.

19. As a further direct and proximate result of the collision, Plaintiffs RANDI WIKLER sustained lost income and lost earning capacity in an amount to be proven at trial.

20. As a further direct and proximate result of the collision, Plaintiffs LOUIS WIKLER and RANDI WIKLER have been generally damaged in amounts in excess of the minimum jurisdictional limits of this Court.

### UNDERINSURED MOTORIST CLAIMS

21. At the time of the collision, SHANNON LEE GREENEN was insured by USAA CASUALTY, policy no. 009176688C71071, with state-minimum liability limits of $15,000.00 per person/$30,000.00 per collision. USAA CASUALTY tendered the $15,000.00 per person limits of that policy to each Plaintiff for a total recovery of $30,000.00 to Plaintiffs. SHANNON LEE GREENEN did not possess any other insurance policies applicable to this collision that would compensate Plaintiffs LOUIS WIKLER and RANDI WIKLER for their injuries and damages.

O'STEEN&HARRISON
ATTORNEYS AT LAW

22. SHANNON LEE GREENEN was an underinsured motorist with respect to the collision on April 14, 2014.

23. Plaintiffs LOUIS WIKLER and RANDI WIKLER, pursuant to the provisions of their PURE INSURANCE policy, made a claim for underinsured motorist coverage.

24. In response to the demand for underinsured motorist coverage, PURE INSURANCE offered $82,000.00 total to Plaintiffs LOUIS WIKLER and RANDI WIKLER in settlement of their underinsured motorist claims.

25. PURE INSURANCE's offer of $82,000.00 is wholly inadequate.

26. PURE INSURANCE refused to make an adequate offer to Plaintiffs LOUIS WIKLER and RANDI WIKLER pursuant to the underinsured motorist coverage on the primary auto policy and excess policy for their injuries and damages caused by the collision on April 14, 2014 despite demand for the same having been made in a timely and appropriate manner.

27. PURE INSURANCE failed to adequately investigate the claims made by Plaintiffs LOUIS WIKLER and RANDI WIKLER.

28. PURE INSURANCE failed to give equal consideration to the claims made by Plaintiffs LOUIS WIKLER and RANDI WIKLER.

29. The PURE INSURANCE policy includes an arbitration provision that allows PURE INSURANCE to appeal an arbitration award if the amount exceeds the minimum limit for bodily injury liability specified by the financial responsibility law in Arizona. Those limits in Arizona are $15,000.00 per person and $30,000.00 per collision.

30. The arbitration provision does not allow Plaintiffs LOUIS WIKLER and RANDI WIKLER a fair opportunity to resolve the claim as a successful award is not binding and PURE INSURANCE could appeal and demand a right to a trial up until sixty (60)

O'STEEN & HARRISON
ATTORNEYS AT LAW

days after the arbitration decision.  This would cause Plaintiffs to incur substantial expenses in arbitrating the matter when there is no guarantee that arbitration would resolve the dispute.

31. PURE INSURANCE, by its unreasonable investigation and adversarial position in handling the claims made by Plaintiffs LOUIS WIKLER and RANDI WIKLER, forced Plaintiffs into litigation.

32. PURE INSURANCE intended by their acts to cause a *de facto* denial of benefits to Plaintiffs LOUIS WIKLER and RANDI WIKLER.

33. Although more than three years have passed since the collision that injured and caused damages to Plaintiffs LOUIS WIKLER and RANDI WIKLER, Plaintiffs still have not been fairly compensated for their claims to rightful benefits.

34. By failing to make a good faith offer to Plaintiffs LOUIS WIKLER and RANDI WIKLER and as a result of its non-binding arbitration provision, PURE INSURANCE has in effect forced litigation.

## CLAIM ONE
## BREACH OF CONTRACT

35. Plaintiffs incorporate herein by reference the allegations in paragraphs 1–34.

36. PURE INSURANCE's refusal to pay the full damages of Plaintiffs LOUIS WIKLER and RANDI WIKLER to the limits of the insurance policies constitutes a breach of its contract of insurance with Plaintiffs as insureds under said policy.

37. As a result of PURE INSURANCE's breach of contract, Plaintiffs LOUIS WIKLER and RANDI WIKLER have sustained damages in amounts in excess of the minimum jurisdictional limits of this Court.



38. Because this matter arises out of a contract entered into between Plaintiffs LOUIS WIKLER and RANDI WIKLER and PURE INSURANCE, Plaintiffs are entitled to an award of reasonable attorneys' fees pursuant to A.R.S. § 12-341.01(A).

### CLAIM TWO
### BAD FAITH

39. Plaintiffs incorporate herein by reference the allegations in paragraphs 1–38.

40. PURE INSURANCE owed Plaintiffs LOUIS WIKLER and RANDI WIKLER an implied duty of good faith and fair dealing.

41. PURE INSURANCE's acts and omissions violated the duty of good faith and fair dealing to Plaintiffs LOUIS WIKLER and RANDI WIKLER, including, but not limited to, its failure to adequately investigate the claims, failure to treat Plaintiffs' claims with equal consideration, failure to make a good faith offer, failure to make reasonable efforts to alleviate the necessity of litigation, and failure to pay a reasonable amount to Plaintiffs.

42. As a direct and proximate result of PURE INSURANCE's acts and omissions, Plaintiffs LOUIS WIKLER and RANDI WIKLER sustained damages.  The damages incurred by Plaintiffs were the result of PURE INSURANCE's bad faith conduct.

43. PURE INSURANCE acted solely out of concern for its own financial interests and in a conscious and reckless disregard for the rights of Plaintiffs LOUIS WIKLER and RANDI WIKLER.  PURE INSURANCE evidenced an evil mind so as to warrant the imposition of punitive damages to punish Defendants and to deter such behavior in the future.

### CLAIM THREE
### DECLARATORY JUDGMENT

44. Plaintiffs incorporate herein by reference the allegations in paragraphs 1–43.

O'STEEN & HARRISON
ATTORNEYS AT LAW

45. An actual controversy exists between the parties concerning the rights and legal relations.

46. The controversy concerns a dispute between the parties regarding the amount of damages that are owed by PURE INSURANCE to Plaintiffs LOUIS WIKLER and RANDI WIKLER pursuant to the underinsured motorist coverages on the auto policy and excess policy.

47. As a result of PURE INSURANCE's failure or refusal to pay reasonable benefits pursuant to the underinsured motorist coverages on the applicable insurance policies, Plaintiffs request judgment declaring the full value of their respective underinsured motorist claims

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs LOUIS WIKLER and RANDI WIKLER request judgment be entered against Defendants, and each of them, as follows:

1. For fair and reasonable damages pursuant to the underinsured motorist coverages.

2. For an order setting the value of the underinsured motorist claims.

3. For contract damages in an amount to be proven at trial.

4. For any and all consequential damages arising from the breach.

5. For an amount representative of appropriate punitive damages to punish Defendants for their conduct and to deter future conduct.

6. For reasonable attorneys' pursuant to A.R.S. § 12-341.01(A).

7. For all costs incurred and to be incurred herein.

8. For pre-judgment interest on the above sums at the legal rate.

9. For interest on the above sums from the date of judgment until paid.

10. For such further relief as the Court deems just.

O'STEEN & HARRISON
ATTORNEYS AT LAW

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable with the maximum number of jurors permitted by law.

DATED this 9th day of July 2017.

O'STEEN & HARRISON, PLC

Jonathan V. O'Steen
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
Attorneys for Plaintiffs

**ORIGINAL** of the foregoing e-filed
this 9th day of June 2017 with:

AZTurboCourt.gov
Clerk of the Court
Maricopa County Superior Court

By /s/ Jonathan V. O'Steen

c:\sync\clients\wikler\pleadings\complaint\amended complaint (1st).doc

MICHAEL K. JEANES
Clerk of the Superior Court
By Farah Azadeh, Deputy
Date 04/12/2017 Time 14:48:29
Description                          Amount
———— CASE# CV2017-053081
CIVIL NEW COMPLAINT                  319.00
———————————————————————
TOTAL AMOUNT                         319.00
            Receipt# 25866288

Louis and Randi Wikler
24795 N. 119th Place
Scottsdale, AZ 85255
In Pro Persona

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LOUIS AND RANDI WIKLER, a married couple, | ) ) |
| Plaintiffs, | ) ) No. **CV 2017-053081** ) |
| vs. | ) **COMPLAINT** ) (Contract/Tort Motor Vehicle) |
| PRIVILEGE UNDERWRITERS, INC., a Delaware Corporation, d/b/a PURE INSURANCE and/or Privilege Underwriters Reciprocal Exchange and/or Privilege Underwriters Insurance Agency, et. al. | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiffs, LOUIS and RANDI WIKLER, by and through their attorney undersigned, brings suit against Defendant, PURE INSURANCE, state and allege as follows:

### VENUE AND JURISDICTION

1.    The Plaintiffs are residents of Maricopa County, Arizona.

2.    That Defendant PRIVILEGE UNDERWRITERS, INC., a Delaware Corporation, d/b/a PURE INSURANCE and/or PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE (hereinafter Defendant "PURE INSURANCE") currently conducts business in the State of Arizona; is registered with the Arizona Department of Insurance. All matters hereinafter set forth and alleged, occurred in Maricopa County, State of Arizona; and that this Court has jurisdiction to hear this matter.

## FACTS

3.     That on or about April 14, 2014, Plaintiff, LOUIS WIKLER, was lawfully operating his 2013 BMW at or near East Main Street and North Val Vista in Mesa, Arizona with his wife, Plaintiff, RANDI WIKLER, as a passenger in the vehicle.

4.     That at the same time and in the same vicinity Shannon Lee Greenen was operating a 2013 Hyundai believed and therefore alleged to be owned by Shannon Lee Greenen.

5.     At all times herein mentioned, the vehicle driven by Plaintiff, LOUIS WIKLER, was operated in a reasonable and prudent manner, with due caution and regard for the motor vehicle laws of the State of Arizona.

6.     That Shannon Lee Greenen did then and there operate her automobile in a grossly negligent and wantonly careless manner, causing same to collide, with Plaintiffs' vehicle.

## COUNT I – NEGLIGENCE

The Plaintiffs incorporate by reference paragraphs No. 1 through No. 6 as if they were fully stated herein.

7.     The Shannon Lee Greenen had a duty to act reasonably and use due care while driving. The Defendant Driver had a duty to pay attention to obey the laws and rules of the State of Arizona, to maintain proper speed for the conditions, to reduce speed to avoid an accident.

8.     The Shannon Lee Greenen breached that duty of due care by negligently operating her motor vehicle and, without limitation, failing to obey traffic control devices,

failing to obey the laws and rules of the State of Arizona and failing to control her vehicle in order to avoid a collision.

9.     As a direct and proximate result of the negligence of Shannon Lee Greenen, the Plaintiffs suffered physical injuries and mental anguish. The Plaintiffs have past and will have future medical expenses, have past and will have future lost wages and have past and future pain and suffering. The Plaintiffs' injuries from the accident are permanent.

10. All of the above damages were directly and proximately caused by the aforementioned negligence of Shannon Lee Greenen, and were incurred entirely without negligence on the part of the Plaintiffs.

## COUNT TWO BREACH OF CONTRACT
## UNDERINSURED MOTORIST-DEFENDANT PURE INSURANCE

Plaintiffs incorporate by reference all allegations previously set forth and incorporates the same herein.

11.     The liability insurance coverage maintained by Shannon Lee Greenen and applicable to the collision herein complained of by Plaintiffs, did not, and does not provide adequate coverage for the claims and damages asserted by the Plaintiffs.

12.     At the time of the accident, Plaintiffs' vehicle was insured under automobile and umbrella insurance policies which were in full force and effect at the time of the accident complained of by Plaintiffs herein, issued by Defendant PURE INSURANCE. Said policies of insurance contained a provision for uninsured/underinsured motorist coverage which provided, among other things, insurance coverage for losses and damages sustained by the Plaintiffs in accidents which were caused by the negligent operation of a vehicle by third persons, when that vehicle was uninsured or underinsured at the time of the accident.

13.    Plaintiffs have complied with the terms of the contract with Defendant PURE INSURANCE and are entitled to be paid by Defendant PURE INSURANCE for any and all damages sustained by Plaintiffs resulting from the negligence of the Defendant Driver.

14.    Plaintiff has made a demand for payment under the insurance policies with Defendant PURE INSURANCE and Defendant PURE INSURANCE has breached its contract with Plaintiffs by failing to make payment to Plaintiffs under the uninsured/underinsured motorist provision of the applicable insurance policies.

COUNT THREE – LOSS OF CONSORTIUM

Plaintiffs incorporate by reference all allegations previously set forth and incorporates the same herein.

15.    That as a direct and proximate result of the gross and wanton negligence and conduct of Shannon Lee Greenen, which caused Plaintiff RANDI WIKLER to sustain permanent and disabling injuries, Plaintiff, LOUIS WIKLER, has been caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship with his spouse, RANDI WIKLER, all to the detriment of their marital relationship, for which Plaintiff LOUIS WIKLER is to be awarded damages in an amount to be set forth by affidavit or evidence at the time of trial.

WHEREFORE, Plaintiffs demand, without limitation, as follows:

1.    For an award of damages against Defendant PURE INSURANCE for all compensatory damages in the amount which may not be less than the coverage benefits available to Plaintiffs as set forth by the insurance policies maintained with Defendant PURE INSURANCE, plus pre-judgment interest and post-judgment interest as this honorable Court may deem appropriate;

Page 4 of 6

2.     An award of damages to Plaintiff LOUIS WIKLER for the loss of consortium caused by the injuries sustained to Plaintiff RANDI WIKLER;

3.     An award of damages against Defendant PURE INSURANCE, should Defendant PURE INSURANCE fail to deal with Plaintiffs in good faith in resolution of Plaintiffs' claims;

4.     An award of their attorney's fees and costs pursuant to ARS Section 12-341 and 12-341.01; and

5.     For such other and further relief as is appropriate.

DATED this 12th day of April, 2017.

Louis Wikler
24795 N. 119th Place
Scottsdale, Az. 85255
In Pro Persona

Randi Wikler
24795 N. 119th Place
Scottsdale, Az. 85255
In Pro Persona

## VERIFICATION

STATE OF ARIZONA          )
                          ) ss.
County of Maricopa        )

    We, **LOUIS WIKLER** and **RANDI WIKLER**, being first duly sworn upon our oaths, depose and state:

    That we are the Plaintiffs named in the foregoing Complaint; that we have read the foregoing and know the contents thereof; and that the matters and things therein alleged are true of our knowledge and belief.



Keith Netzel
Notary Public
Maricopa County, Arizona
My Comm. Expires 9-21-2019

LOUIS WIKLER

RANDI WIKLER

    **SUBSCRIBED AND SWORN TO** before me this 12 day of APR 2017, by LOUIS WIKLER and RANDI WIKLER.

Notary Public

My Commission Expires: 9-21-2019

Page 6 of 6

MICHAEL K. JEANES, CLERK
BY                              DEP
        J. azadeh
        F. AZADEH, FILED

17 APR 12  PH 2: 46

1    **Louis and Randi Wikler**
     24795 N. 119th Place
2    Scottsdale, AZ 85255
     In Pro Persona
3

4

5              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

6                  IN AND FOR THE COUNTY OF MARICOPA

7    LOUIS AND RANDI WIKLER, a         )
8    married couple,                   )
                                       )  No. CV 2017 - 053081
9              Plaintiffs,             )
                                       )
10   vs.                               )  CERTIFICATE OF COMPULSORY
                                       )  ARBITRATION
11                                     )
     PRIVILEGE UNDERWRITERS, INC.,     )
12   a Delaware Corporation, d/b/a PURE )
     INSURANCE and/or Privilege        )
13   Underwriters Reciprocal Exchange  )
     and/or Privilege Underwriters Insurance )
14   Agency, et, al.                   )
                                       )
15                                     )
               Defendants.             )
16                                     )

17        The undersigned certifies that the largest award sought by the Plaintiffs, including

18   punitive damages, but excluding interest, attorney's fees and costs, **does** exceed limits set by

19   Local Rule for compulsory arbitration. This case **is not** subject to compulsory arbitration.

20

21        DATED this  12  day of April, 2017.

22

23

24
                                        Louis Wikler
25                                      In Pro Persona

26                                        Randi Wikle

27                                      Randi Wikler
28                                      In Pro Persona



O'STEEN & HARRISON
ATTORNEYS AT LAW

Jonathan V. O'Steen, Esq. – State Bar #024043
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona  85013-3424
(602) 252-8888
(602) 274-1209 FAX
josteen@vanosteen.com
**Attorneys for Plaintiffs**

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LOUIS WIKLER and RANDI WIKLER, husband and wife, | NO. CV2017-053081 |
| Plaintiffs, | **DEMAND FOR JURY TRIAL** |
| v. | |
| PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE, an unincorporated association, d/b/a/ PURE INSURANCE; PRIVILEGE UNDERWRITERS, INC., a Delaware corporation, d/b/a/ PURE INSURANCE; BLACK CORPORATIONS I through V; and WHITE PARTNERSHIPS I through V, | (Assigned to the Honorable Aimee Anderson) |
| Defendants. | |

Plaintiffs, Louis Wikler and Randi Wikler, by and through undersigned counsel, pursuant to ARIZ.R.CIV.P. 38, hereby request a trial by jury on all issues so triable with the maximum number of jurors permitted by law.

//

//

//

//

O'STEEN & HARRISON
ATTORNEYS AT LAW

1      DATED this 9th day of July 2017.

2

3                                              O'STEEN & HARRISON, PLC

4

5                                              Jonathan V. O'Steen
6                                              300 W. Clarendon Ave., Suite 400
                                               Phoenix, Arizona 85013-3424
7                                              Attorneys for Plaintiffs

8

9    **ORIGINAL** of the foregoing e-filed
     this 9th day of June 2017 with:

10
     AZTurboCourt.gov
11   Clerk of the Court
     Maricopa County Superior Court
12
     By /s/ Jonathan V. O'Steen
13

14

15

16

17   c:\sync\clients\wikler\pleadings\complaint\demand 4 jury trial.doc

18

19

20

21

22

23

24

25

26

27

28



Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
T. Hays, Deputy
5/5/2017 1:05:00 PM
Filing ID 8311935

1  Jonathan V. O'Steen, Esq. – State Bar #024043
**O'STEEN & HARRISON, PLC**
2  300 W. Clarendon Ave., Suite 400
Phoenix, Arizona  85013-3424
3  (602) 252-8888
(602) 274-1209 FAX
4  josteen@vanosteen.com
5  **Attorneys for Plaintiffs**

6

7              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8                 **IN AND FOR THE COUNTY OF MARICOPA**

9   LOUIS WIKLER and RANDI WIKLER, a          NO. CV2017-053081
    married couple,
10

11              Plaintiffs,                    **NOTICE OF APPEARANCE**

12   v.

13   PRIVILEGE UNDERWRITERS, INC., a          (Assigned to the Honorable Aimee
     Delaware corporation, d/b/a/ PURE         Anderson)
14   INSURANCE and/or PRIVILEGE
     UNDERWRITERS RECIPROCAL
15   EXCHANGE and/or PRIVILEGE
     UNDERWRITERS INSURANCE
16   AGENCY,

17
              Defendants.
18

19
        **NOTICE IS HEREBY GIVEN** that Jonathan V. O'Steen of O'Steen & Harrison, PLC
20
    hereby enters his appearance as counsel of record for Plaintiffs Louis Wikler and Randi
21
    Wikler.  Counsel requests that copies of all future notices, pleadings, orders, discovery papers
22
    and other documents in this case be sent to him at the address indicated below:
23

24          Jonathan V. O'Steen, Esq.
            O'Steen & Harrison, PLC
25          300 W. Clarendon Ave., Suite 400
            Phoenix, AZ  85013-3424
26

27          josteen@vanosteen.com

28

O'STEEN & HARRISON
ATTORNEYS AT LAW

1    DATED this 5th day of May 2017.

2

3                                                   O'STEEN & HARRISON, PLC

4

5                                                   Jonathan V. O'Steen
                                                    300 W. Clarendon Ave., Suite 400
6                                                   Phoenix, Arizona 85013-3424
                                                    Attorneys for Plaintiffs
7

8

9    **ORIGINAL** of the foregoing e-filed
     this 5th day of May 2017 with:

10
     AZTurboCourt.gov
11   Clerk of the Court
     Maricopa County Superior Court
12
     By /s/ Jonathan V. O'Steen
13

14
     **COPY** of the foregoing e-mailed
15   this 5th day of May 2017 to:

16   The Honorable Aimee Anderson
     Maricopa County Superior Court
17
     By AZTurboCourt.gov
18

19

20

21

22   c:\sync\clients\wikler\pleadings\noa.doc

23

24

25

26

27

28